UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT REGENNITTER,<br><br>    Petitioner,<br><br>    v.<br><br>CSP-CORCORAN,<br><br>    Respondent. | Case No.: 1:15-cv-00160-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 11)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER GRANTING PETITIONER'S MOTION TO NAME PROPER RESPONDENT (Doc. 8)<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE DAVE DAVEY AS NAMED RESPONDENT |

In this petition, Petitioner is challenging the results of a prison disciplinary hearing pursuant to 28 U.S.C. § 2254. Respondent filed the instant motion to dismiss the petition for lack of exhaustion. (Doc. 11). Petitioner has not filed an opposition.

**DISCUSSION**

A. <u>Procedural Grounds for Motion to Dismiss</u>

In the motion, Respondent claims the petition contains unexhausted claims. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

Respondents may file a motion to dismiss in lieu of an answer if it attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies).  In this case, Respondent's Motion to Dismiss is based on Respondent's contention that Petitioner has never presented his claims to the California Supreme Court. Accordingly, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.  O'Bremski, 915 F.2d at 420.

B.   Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state and gives the state court the initial opportunity to correct the alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).  The highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented it with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis). Additionally, the petitioner must have specifically identified that the petition raised a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001).

Where none of a petitioner's claims has been presented to the highest state court, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

As a general rule, a petitioner satisfies the exhaustion requirement by "fairly presenting" his federal claims to the appropriate state court *in the manner required by the state courts*, thereby

affording those state courts a meaningful opportunity to consider allegations of legal error. Casey v. Moore, 386 F.3d 896, 915-916 (9th Cir. 2004). When a habeas petition is denied because of procedural defects that may be remedied in state court, the claims have not been "fairly presented" to the state court and are not exhausted. See Harris v. Superior Court, 500 F.2d 1124, 1126 (9th Cir. 1974). The action must be dismissed unless the federal court makes an independent determination that the claims were "fairly presented" to the state court despite the procedural denial. See Kim v. Villalobos, 799 F.2d 1317, 1319-1320 (9th Cir. 1986)(holding that petitioner's claims had been fairly presented to California Supreme Court despite rejected of petition for lack of specificity where petitioner had twice filed habeas petitions with California Supreme Court and could not articulate claims with any greater particularity than had already been done).

If a petitioner's available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See Rose, 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausted available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Here, the Court agrees with Respondent that Petitioner did not "fairly present" his claims for review to the California Supreme Court because his petition for review was not filed within the statutory time period for such filings and was subsequently rejected by the state high court for lack of jurisdiction. (Doc. 1, p. 30). Specifically, Petitioner attempted to file his habeas petition in the California Supreme Court on December 10, 2014. In a letter to Petitioner, the Clerk's office of the state supreme court explained that the Court of Appeal decision was filed on November 3, 2014, and became final thirty days later, pursuant to Cal. Rules of Court, rule 8.264, which states, in pertinent part, "[e]xcept as otherwise provided in this rule, a Court of Appeal decision in a civil appeal, including an order dismissing an appeal involuntarily, is final in that court 30 days after filing." Since more than thirty days had elapsed between the dismissal of the petition by the Court of Appeal and the submission of a new petition to the California Supreme Court, the Clerk explained to Petitioner in the letter that the "last day we could have entertained any pleading was December 3, 2014." (Id.). In other words, Petitioner submitted his petition to the state high court after that court lost jurisdiction to consider his

claims. The Court has verified this fact by replicating Respondent's search of the California Supreme Court website, which, as Respondent indicates, contains no record of any filing by Petitioner.

Submitting a claim or claims to a state's highest court in a procedural context in which the claims' merits normally will not be considered does *not* constitute "fair presentation." Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). To satisfy the requirement that a habeas petitioner "fairly present" his or her claims to the state's highest court, Petitioner must present his claims "through the proper vehicle." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005); see also Powell v. Lambert, 357 F.3d 871, 874 (9th Cir. 2004)("In presenting his claims to the state court, a petitioner must comply with state procedural rules.").

Thus, as here, the mere act of sending a procedurally defective set of claims to the California Supreme Court does not, for exhaustion purposes, constitute "fairly presenting" those claims to the state court. Davis v. Adams, 2010 WL 1408290, *2 (C. D. Cal. March 3, 2010) (unpublished) (presentation through untimely petition for review does not exhaust claims); Rojas v. Vasquez, 2009 WL 506478 (C.D. Cal. Feb. 24, 2009), *3 (unpublished)(same); Davis v. Evans, 2009 WL 2390849 (C.D. Cal. Aug. 3, 2009)(unpublished)(same); Lujan v. Davis, 2008 WL 783366 (N.D. Cal. March 25, 2008), *2 (unpublished) (same); Stephenson v. Campbell, 2005 WL 3500606 (E.D.Cal. Dec. 20, 2005), *1 (unpublished)(same). But see Jackson v. Hornbreak, 2010 WL 235063 (E.D. Cal. Jan. 21, 2010)(unpublished) (state supreme court should have construed petition for review as habeas petition and timely filed same); Miranda v. Carey, 2007 WL 2500447 (E.D. Cal. Aug. 30, 2007) (unpublished) (same).[1]

---

[1] The latter two cases found that the California Supreme Court erred in determining the petitions were late. However, this Court is not convinced that it is better positioned than the California Supreme Court to determine compliance with California Supreme Court rules. That Court has followed its own procedures in refusing to accept a petition that has not been filed within the time period set forth by state law. This resulted in the decisions that the Court lacked jurisdiction to consider the petition. That determination is within the province of that Court. Indeed, a determination of state law by a state appellate court is binding in a federal habeas action, Hicks v. Feiock, 485 U.S. 624, 629, (1988), unless the interpretation is an "obvious subterfuge to evade consideration of a federal issue." Mullaney v. Wilbur, 421 U.S. 684, 691 n. 11 (1975); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas court must respect a state court's application of its own law and must not engage in de novo review). A federal court has no basis for disputing a state's interpretation of its own law. Clemons v. Mississippi, 494 U.S. 738, 739–740 (1990).

1  From the foregoing, the Court concludes that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760. Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.

C.  Proper Respondent.

On February 17, 2015, Petitioner moved to substitute Dave Davey, the warden at Petitioner's place of confinement, as the proper Respondent. (Doc. 8). That request is **GRANTED**. The Court will direct the Clerk of the Court to substitute the proper Respondent for that of the named Respondent.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Petitioner's motion to amend caption (Doc. 8), is GRANTED.
2. The Clerk of the Court is DIRECTED to substitute the name of Dave Davey for that of the presently named Respondent.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 11), be GRANTED and that the habeas corpus petition be DISMISSED for lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed **within ten days** after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 4, 2015**                             **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE